IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-4-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL ANTHONY COLEY, ) | |
| ) | |
| Defendant. ) | |

On April 16, 2012, pursuant to a plea agreement [D.E. 37], Michael Anthony Coley ("Coley") pleaded guilty to knowingly and intentionally distributing 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 37]. On July 31, 2012, the court held Coley's sentencing hearing. See [D.E. 60]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 63] 1; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Coley's total offense level to be 23, his criminal history category to be V, and his advisory guideline range to be 84 to 105 months. See [D.E. 63] 1. The court then granted the government's motion under U.S.S.G. § 5K1.1. See [D.E. 52]; [D.E. 63] 2. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Coley to 72 months' imprisonment. See [D.E. 62].

On December 1, 2014, Coley moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 115]. On November 2, 2015, Coley filed a memorandum in support of his motion [D.E. 118]. Coley's new advisory guideline range is 70 to 87 months' imprisonment, based on a total offense level of 21 and a criminal history category of V. See Resentencing Report. Coley requests a 60-month sentence. See [D.E. 118] 4.

The court has discretion to reduce Coley's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Coley's sentence, the court finds that Coley engaged in serious criminal behavior. See PSR [D.E. 53] ¶¶ 9–12. Coley is also a violent, recidivist cocaine dealer. See id. ¶¶ 16, 19. Moreover, Coley has performed poorly on supervision and has a spotty work history. See id. ¶¶ 17, 32–36. Nonetheless, Coley has taken some positive steps while incarcerated. See [D.E. 118] 5–6, 8.

Having reviewed the entire record and all relevant policy statements, the court finds that Coley received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and that further reducing Coley's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Coley's serious criminal conduct and serious criminal history do not support further reducing Coley's sentence. Thus, the court denies Coley's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Coley's motion for reduction of sentence [D.E. 115].

SO ORDERED. This _3_ day of November 2016.

JAMES C. DEVER III
Chief United States District Judge